# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 4, 2020

160529

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

JERMAL DONTE CLARK,
        Defendant-Appellant.

_____/

Bridget M. McCormack,
*Chief Justice*

David F. Viviano,
*Chief Justice Pro Tem*

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
*Justices*

SC: 160529
COA: 344701
Kalamazoo CC: 2013-001512-FC

On order of the Court, the application for leave to appeal the September 17, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MCCORMACK, C.J. (*concurring*).

I concur with the Court's order denying leave to appeal.

I write separately, however, for two reasons. First, when the defendant initially raised the affirmative defense of legal insanity, the trial court determined that he failed to satisfy the first prong of the legal standard to establish insanity: a showing that he lacked the substantial capacity to appreciate the wrongfulness of his conduct. The court therefore mistakenly concluded that the defendant was unable to establish legal insanity. The Court of Appeals correctly remanded, noting that under MCL 768.21a, a defendant need only establish one of the two prongs to establish legal insanity, the second of which is the lack of a substantial capacity to conform one's conduct to the requirements of the law. *People v Clark*, unpublished per curiam opinion of the Court of Appeals, issued August 10, 2017 (Docket No. 332297), pp 2-3. From that point forward, however, the Court of Appeals did not review the trial court's conclusion that the defendant had failed to satisfy the first prong. While I see potential merit in an argument that the trial court erred in concluding that the defendant failed to satisfy the first prong of the legal-insanity defense, the defendant has not raised this question on appeal.

Second, and relatedly, while I am not sure I disagree with the Court of Appeals'

conclusion that the defendant's conviction was not against the great weight of the evidence, I am troubled by the panel's treatment of this question.

In evaluating the merits of a "great weight" claim, a reviewing court must consider whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. *People v Lemmon*, 456 Mich 625, 642 (1998). Perhaps the defendant did not meet that burden. But no such analysis appears in the panel's opinion. Instead, there is a single conclusory paragraph:

> In light of the evidence presented, we affirm the trial court's order denying defendant's motion for a new trial on the basis that the verdict was against the great weight of the evidence. The trial court did not err in concluding that defendant failed to prove by a preponderance of the evidence that he lacked the substantial capacity to conform his conduct to the requirements of the law, and therefore could not establish that "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). [*People v Clark*, unpublished per curiam opinion of the Court of Appeals, issued September 17, 2019 (Docket No. 344701), p 4]

The panel seems to have decided that its conclusion that the defendant had the ability to conform his conduct to the requirements of the law was sufficient to resolve his great-weight claim. I worry that this approach conflates the standards governing a challenge to the sufficiency of the evidence with those governing a challenge based on the great weight of the evidence. Resolution of the former does not necessarily resolve the latter; they are distinct, if related, inquiries. The panel should have analyzed whether the verdict constituted a miscarriage of justice or whether the interests of justice require a new trial to be ordered in light of the "whole body of proofs," *Lemmon*, 456 Mich at 634-635, 638, notwithstanding its sufficiency finding on the "conforming conduct to the requirements of the law" prong of legal insanity.[1] As part of that inquiry, the panel should have taken a broader view and analyzed *both* prongs of the defendant's legal-insanity defense.

---

[1] The panel's cursory treatment of the great-weight argument is easier to understand given the defendant's treatment of this issue in his briefing, which refers back to his argument regarding the "conforming conduct to the requirements of the law" prong. But the defendant is arguing that upholding his conviction, and specifically the finding that he was not legally insane, would constitute a miscarriage of justice. Determining whether that is true warrants a deeper dive beyond just the "substantial capacity" prong; it demands an inspection of "the entire body of proofs."

Because the defendant has not appealed the trial court's determination on the "wrongfulness" prong and because I am not convinced the panel erred in concluding that the defendant's conviction was not against the great weight of the evidence, I concur in the Court's denial of leave to appeal.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 4, 2020



Clerk

p1201